Filed 10/12/21  P. v. Turney CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C091716 |
| Plaintiff and Respondent, | (Super. Ct. No. 08F09808) |
| v. | |
| TAMMY RENEE TURNEY, | |
| Defendant and Appellant. | |

Defendant Tammy Renee Turney appeals from the trial court's order denying her petition for resentencing under Penal Code section 1170.95.  Defendant contends the trial court erred by summarily denying her petition after determining she failed to establish a prima facie case under the provisions of the statute.  She argues the trial court should have issued an order to show cause and allowed the petition to proceed for full consideration on its merits.  We agree the trial court erred in denying defendant's petition and will remand the case for further proceedings.

1

FACTUAL AND PROCEDURAL BACKGROUND

On February 26, 2010, defendant pleaded no contest to first degree murder (Pen. Code, § 187, subd. (a)).[1] At the plea hearing, the prosecutor recited the factual basis for the plea as: "[Defendant], along with two co-conspirators, one of whom was her son, on the evening of November 24, 2008, entered into a conspiracy to rob the victim [David Barreda] of his property by force. The robbery was not effected on the evening of the 24th. Rather it happened the morning of the 25th after [Barreda] spent the evening sleeping over at [defendant's] residence with the other two co-conspirators. [¶] That morning while [defendant] was in another room one of her co-conspirators, [Curtis Chapman], took a handgun and shot [Barreda] in the back of the head and took his property. [¶] Defendant and her co-conspirators then put [Barreda] in the trunk of his car. One of the other conspirators drove the car and abandoned it hoping that the authorities would not link it to them. [¶] Upon being contacted by police [defendant] eventually confessed to police her role in this, assisted them in locating evidence, including evidence that she herself had attempted to hide and destroy."

In accordance with the plea, the trial court sentenced defendant to an indeterminate term of 25 years to life. The trial court also dismissed the remaining charged count of robbery (§ 211) and the allegation defendant committed the murder while engaged in committing robbery (§ 190.2, subd. (a)(17)).

On January 4, 2019, defendant filed a petition for resentencing under section 1170.95. In the petition, defendant declared that a complaint, information, or indictment had been filed against her that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine; that she

---

[1] Undesignated statutory references are to the Penal Code.

pled guilty or no contest to first or second degree murder because she believed she could have been convicted at trial pursuant to the felony-murder rule or the natural and probable consequences doctrine; and that she could not now be convicted of first or second degree murder based on the recent changes to sections 188 and 189. She requested that the court appoint her counsel. The trial court appointed counsel and received briefing from the parties.

On January 16, 2020, the trial court denied defendant's petition. The trial court relied on the preliminary hearing transcript, quoting testimony of an officer who spoke with defendant after the incident. The trial court concluded that this testimony "establishes sufficient evidence for a jury to have found, had this matter gone to trial, that [defendant] was guilty of first degree murder based on an express malice aforethought theory of direct aiding and abetting liability alone." Defendant had allegedly told the officer she gave the car keys to her codefendants to search for a gun, and when they did not find it, Chapman told her "we're gonna have to do him." The trial court found this "gives rise to the reasonable inference that [defendant] would have understood that to mean that codefendant Chapman intended to kill [Barreda], and knowing that, she still gave the keys to codefendant Chapman, indicating that she shared that intent and wished to continue to aid and abet . . . in killing [Barreda] . . . As such, the court now concludes that [defendant] <u>could</u> have been convicted of <u>express malice aforethought murder,</u> whether there ever was a robbery of [Barreda] or not, and therefore is <u>not</u> a person who is eligible for relief under [Senate Bill No. 1437]. [¶] [Defendant] does not show otherwise, not having attached any reasonably available documentary evidence that could have been introduced at trial had she gone to trial to show that her statement to police was not as testified to by [the officer] at the preliminary hearing."

Defendant filed a motion for reconsideration challenging the trial court's use of the preliminary hearing transcript, its ability to establish express malice, and the standard

3

the trial court employed in deciding whether a prima facie case was made. The trial court denied defendant's request.

Defendant timely appealed.

DISCUSSION

Defendant makes three related contentions of error: (1) the trial court was not permitted to review the record of conviction at the prima facie stage; (2) if it could, the preliminary hearing transcript is not part of the record of conviction; and (3) the court erred in finding she did not make a prima facie case because it did a factual inquiry with a standard below beyond a reasonable doubt. The People agree that, regardless whether it was proper to consider the preliminary hearing transcript, the trial court "made its decision too soon in the process and should have issued an order to show cause." We agree with the parties.

Senate Bill No. 1437 (2017-2018 Reg. Sess.), which became effective on January 1, 2019, was enacted "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) Senate Bill No. 1437 also added section 1170.95, which allows those "convicted of felony murder or murder under a natural and probable consequences theory [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply: [¶] (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder. [¶] (3) The

4

petitioner could not be convicted of first or second degree murder because of changes to [s]ection 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a).)

Section 1170.95 includes a prima facie determination. Under subdivision (c), the trial court must appoint the defendant counsel if requested, take briefing from the parties, and then determine whether "the petitioner makes a prima facie showing that he or she is entitled to relief." (§ 1170.95, subd. (c).) In performing this preliminary screening function, courts are not limited to the allegations of the petition; rather, they may "rely on the record of conviction in determining whether that single prima facie showing is made." (*People v. Lewis* (2021) 11 Cal.5th 952, 970 (*Lewis*).) Thus, if the record of conviction establishes the petition lacks merit, the trial court may deny the petition without conducting further proceedings. (*Id.* at p. 971 ["The record of conviction will necessarily inform the trial court's prima facie inquiry under section 1170.95, allowing the court to distinguish petitions with potential merit from those that are clearly meritless"].)

"[W]hen assessing the prima facie showing, the trial court should assume all facts stated in the section 1170.95 petition are true. [Citation.] The trial court should not evaluate the credibility of the petition's assertions, but it need not credit factual assertions that are untrue as a matter of law—for example, a petitioner's assertion that a particular conviction is eligible for relief where the crime is not listed in subdivision (a) of section 1170.95 as eligible for resentencing." (*People v. Drayton* (2020) 47 Cal.App.5th 965, 980 (*Drayton*).) The "authority to make determinations without conducting an evidentiary hearing pursuant to section 1170.95, subd[ivision] (d) is limited to readily ascertainable facts from the record (such as the crime of conviction), rather than factfinding involving the weighing of evidence or the exercise of discretion (such as determining whether the petitioner showed reckless indifference to human life in the commission of the crime)." (*Ibid.*; *Lewis, supra*, 11 Cal.5th at p. 971 [citing *Drayton* with approval].)

5

"If, accepting the facts asserted in the petition as true, the petitioner would be entitled to relief because he or she has met the requirements of section 1170.95, [subdivision] (a), then the trial court should issue an order to show cause. (§ 1170.95, [subd.] (c).) Once the trial court issues the order to show cause under section 1170.95, [subdivision] (c), it must then conduct a hearing pursuant to the procedures and burden of proof set out in section 1170.95, subd[ivision] (d) unless the parties waive the hearing or the petitioner's entitlement to relief is established as a matter of law by the record. (§ 1170.95, subd. (d)(2).)" (*Drayton, supra*, 47 Cal.App.5th at pp. 980-981.) At the evidentiary hearing, either party "may . . . offer new or additional evidence" but "the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (§ 1170.95, subd. (d)(3).)

Here, there were no readily ascertainable facts establishing defendant was ineligible as a matter of law. Defendant pleaded no contest only to murder and no other charges or enhancements that necessarily establish she was the actual killer, acted with the intent to kill, or was a major participant who acted with reckless indifference to human life. The factual basis for the plea is similarly unconclusive as it exhibits only defendant's participation in a conspiracy to rob the victim. It is therefore possible defendant was guilty of felony murder, no longer an automatic basis for first degree murder, rendering her potentially eligible for relief. (See *People v. Rivera* (2021) 62 Cal.App.5th 217 [court found the defendant not ineligible as a matter of law because he "made no admissions related to the murder other than pleading no contest to the count as charged"].)

Even if the preliminary hearing transcript could be considered at the prima facie stage, it was only one piece of evidence of defendant's intent, not conclusive as a matter of law. The trial court also applied a sufficiency of the evidence standard in analyzing the one witness's testimony, stating it was looking for whether defendant "<u>could</u> have been convicted of <u>express malice aforethought murder</u>." This is not the appropriate

6

standard for the prima facie stage, nor even at the later evidentiary hearing. (*People v. Duchine* (2021) 60 Cal.App.5th 798, 815 [" 'It is unlikely the Legislature would have selected [the beyond a reasonable doubt standard] if it had intended only an appellate-type review of the sufficiency of the evidence of the petitioner's guilt on a still-viable theory, rather than requiring the prosecutor to actually establish the petitioner's guilt under the newly amended statutes' "].) The fact that evidence supports defendant's conviction on a valid theory does not mean the record conclusively establishes she could now be convicted on that theory beyond a reasonable doubt. (*Id.* at pp. 814-815 [" 'To deny resentencing simply because a jury could have found that they may have acted with express malice would frustrate the legislation's purpose' "].) It was thus erroneous for the trial court to weigh the evidence to determine defendant was ineligible without first holding an evidentiary hearing.[2] (*Drayton, supra*, 47 Cal.App.5th at p. 980.)

Construing the facts in favor of defendant, the petition fulfilled the requirements for relief in section 1170.95, subdivision (a), and the trial court should have issued an order to show cause for an evidentiary hearing. (*Drayton, supra*, 47 Cal.App.5th at pp. 982-983.) We will reverse the trial court's order denying the petition and remand with directions to issue an order to show cause under section 1170.95, subdivision (c), and hold a hearing under section 1170.95, subdivision (d). We express no opinion about whether defendant is entitled to relief following the hearing.

---

[2] The trial court also improperly burdened defendant with the obligation to produce additional evidence to support her petition. Section 1170.95 imposes no such burden.

## DISPOSITION

The trial court's order denying the petition for resentencing is reversed.  The case is remanded for the trial court to issue an order to show cause and hold a hearing to determine whether defendant is entitled to relief under section 1170.95.


                                                                    /s/
                                                          RAYE, P. J.


We concur:


        /s/
HULL, J.


        /s/
DUARTE, J.